**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORGE ALFREDO JAIME GOICOCHEA, Petitioner** | : | **No. 3:26cv2666** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, Respondent** | : | |

**MEMORANDUM ORDER**

Before the court is Jorge Alfredo Jaime Goicochea's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner is a citizen of Peru and an immigration detainee in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. (Doc. 5 at ECF p. 2). He has been detained since August 21, 2026. Id. at ECF p. 3. Petitioner alleges that he was detained following a motor vehicle accident where another driver was at fault. (Doc. 1 at ECF p. 7). Records indicate that the petitioner was taken into custody by the

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Jaime Goicochea filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 at ECF p. 2). The court liberally construes the petition as asserting that petitioner's continued immigration detention violates the Immigration and Nationality Act and the Fifth Amendment. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Eastern Pike Regional Police Department pursuant to the department's cooperation agreement with ICE. (Doc. 5-3 at ECF p. 6).

There is no final order of removal in Jaime Goicochea's immigration proceedings.[2] The government takes the position that 8 U.S.C. § 1226(a) applies to petitioner's detention. (Doc. 5 at 1 (citing Buele Morocho v. Warden Phila. FDC, 189 F.4th 287 (3d Cir. 2026))). The government also has supplied a notice of custody determination form that the petitioner refused to sign. (Doc. 5-2). The form provides the petitioner with the right to have an immigration judge review that custody determination. Id. The government thus seeks dismissal without prejudice, arguing that the petitioner failed to exhaust his administrative remedies by not requesting a custody redetermination hearing. (Doc. 5 at 9–14, 16).

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited October 19, 2026). According to the website, an immigration judge ordered removal on October 9, 2026. The mandatory detention of 8 U.S.C. § 1231(a)(2) does not apply until the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1). By rule, an appeal to the Board of Immigration Appeals is due by November 9, 2026. See 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]"); 8 C.F.R. § 1003.38(b) (2022) (setting the time to appeal as 30 calendar days after an IJ's oral decision); Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev., 822 F. Supp. 3d 119, 135, 168 (D.D.C. 2026), app. dismissed, No. 26-5156, 2026 WL 2582126, at *1 (D.C. Cir. Aug. 17, 2026) (invalidating proposed 2026 rule which had shortened the time to 10 days unless an asylum claim had been denied by an IJ on certain grounds). Jaime Goicochea remains within the appeal period.

Jaime Goicochea's traverse indicates that he did not knowingly refuse a custody redetermination hearing with an immigration judge or otherwise waive his right to a bond hearing. (Doc. 6). He continues to seek release from detention. Id. at 4.

Because the relevant statute does not require administrative exhaustion, any requirement would be prudential in this case, i.e., judge-made and discretionary. United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020). Prudential exhaustion requires the court "to balance the alien's interest in prompt access to the federal courts with the government's institutional interest in exhaustion." Id. (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "But even when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." Id. (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). In immigration habeas cases, administrative exhaustion has been excused where there is evidence that the administrative outcome has been predetermined. Cox v. Monica, No. 1:07-CV-0534, 2007 WL 1804335, at *3 (M.D. Pa. June 20, 2007) (Conner, J). Further, the futility exception is appropriate "when the decisionmakers in the administrative process will almost certainly reject petitioner's requested relief." Ndiaye v. Jamison, No. CV 25-6007, 2025 WL 3229307, at *4 (E.D. Pa. Nov. 19,

2025) (Sánchez, J.) (citing Bradshaw v Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In September 2025, the Board of Immigration Appeals ("BIA") issued a decision indicating that a mandatory detention statute, 8 U.S.C. § 1225(b)(2)(A), applied to petitioners like Jaime Goicochea. Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025). The question at this juncture is whether the assigned immigration judge would continue to rely upon Hurtado or Section 1225(b)(2)(A) to deny the petitioner bond. As the BIA has previously indicated, however, "published case law from a United States court of appeals must be followed within the same circuit, except in unusual circumstances[.]" Matter of K-S-, 20 I. & N. Dec. 715, 718 (BIA 1993) (citing Matter of Anselmo, 20 I. & N. Dec. 25, 31 (BIA 1989)). There appear to be no unusual circumstances in Jaime Goicochea's immigration case. He is similar to hundreds of petitioners who have sought habeas relief in this district over the past year.

Jaime Goicochea is detained within the jurisdiction of the Third Circuit Court of Appeals. In Buele Morocho, the court explicitly found the BIA's logic in Hurtado to be fundamentally flawed. 189 F.4th at 292, 294 & n.8. Thus, pursuant to BIA precedent, the immigration judge in this case would be bound by Buele Morocho, not Hurtado. The court also has no evidence that a bond hearing in this case would have a predetermined outcome. Such circumstances

weigh against finding futility in the administrative process. Therefore, petitioner must go through the administrative process.

The government is prepared to provide Jaime Goicochea with a bond hearing if petitioner files the right paperwork. (Doc. 5 at ECF pp. 13–14). Given the circumstances, however, it is more practical to grant the petition in part and order that a custody redetermination hearing be held within the next 21 days. This will avoid delay and ensure that the petitioner has a prompt hearing.

Section 1226(a) "permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk." Buele Morocho, 189 F.4th at 292 (citing 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(c)(8)). Because Jaime Goicochea has not demonstrated a violation of his procedural due process rights, the court will not engage in any burden shifting at the hearing. See Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 279 (3d Cir. 2018) (explaining that the burden of proof remains on a noncitizen detained under § 1226(a)). The record reflects that an immigration officer used his discretion to detain petitioner and petitioner exercised his right not to sign any documents that were not in his native language or translated for him. The government is directed to provide petitioner with an interpreter at the time of the bond hearing.

Furthermore, petitioner is entitled to a bond hearing before a neutral and impartial IJ. There are "three pillars" of a fair hearing: "(1) the IJ engages in fact-finding based on the record made at a hearing and disclosed to the noncitizen; (2) the noncitizen has the opportunity to make arguments and present evidence on his/her own behalf; and (3) the IJ makes an individualized determination of the noncitizen's claims." B.C. v. Att'y Gen. U.S., 12 F.4th 306, 313 (3d Cir. 2021) (citing Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 386 (3d Cir. 2001)). Should Jaime Goicochea experience a proceeding that he believes has not been fundamentally fair or has violated his Fifth Amendment right to due process of law, nothing in this order precludes him from seeking relief through a renewed Section 2241 petition.

Thus, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) Jorge Alfredo Jaime Goicochea's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED** in part and **DENIED** in part;
2) The government shall ensure that Jaime Goicochea is provided with a prompt bond hearing/custody redetermination hearing with an interpreter and an impartial immigration judge within the next 21 days;
3) On or before **November 13, 2026**, the government shall file a declaration pursuant to 28 U.S.C. § 1746 indicating whether Jaime Goicochea received a bond hearing pursuant to this order;

4) The Clerk of Court is directed to enter judgment in accordance with this memorandum; and

5) The Clerk of Court is directed to close this case.

Date: 10/20/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court